IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 3:14-CR-30075-NJR |
| **DANIEL O. LOCKETT,** | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Daniel Lockett (Doc. 66). Lockett is serving a 151-month sentence in the Bureau of Prisons ("BOP") for possession with intent to distribute a controlled substance (Doc. 27).

### THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

After such a motion is filed, either by the Director of BOP or by the defendant, the

Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."18 U.S.C. § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

## Discussion

Lockett requests the Court to grant his request for home confinement because his diabetes and high blood pressure place him at a high risk of severe complications if he were to contract the COVID-19 virus (Doc. 66). The Government argues that his conditions do not raise to the level of extraordinary and compelling circumstances (Doc. 86, p. 1). For the reasons set forth below, the Court agrees with the Government.

Under Application Note 1(A)(ii) to U.S.S.G. § 1B1.13, extraordinary and

compelling reasons for reducing a sentence exist where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13. Here, Lockett has not made that showing. His records indicate that his diabetes and high blood pressure are well managed by the prison (Doc. 86, p. 15). Lockett has at times been non-compliant with his treatment (Doc. 86-1, p. 23). But this would not allow for release. *See United States v. Breshers*, 2020 WL 6867098 at *3 (S.D. Ill. Nov. 23, 2020) (holding that refusal to take steps to better one's health is not a "get-out-of-jail-free card").

Although the Court acknowledges that COVID-19 is a serious and extremely contagious illness that has presented unprecedented challenges for the BOP, "the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Sheppard*, 2020 WL 2128581, at *2 (C.D. Ill. May 5, 2020). This especially rings true when a prisoner, like Lockett, has been vaccinated (Doc. 86-1, p. 33). Receiving a COVID-19 vaccination diminishes Lockett's risk of getting seriously ill from the virus and shows BOP has been adequately protecting inmates.

Even if Lockett's medical conditions met the extraordinary and compelling threshold, he has not adequately shown that he is not a continued danger to society. Lockett has a criminal history dating back to 2003, and his criminal activity continued with arrests and convictions in 2005, 2007, and 2013 (Doc. 22). Further, releasing Lockett

now, more than four years prior to his projected release date,[1] would fail to provide just punishment for the offense, promote respect for the law, or protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

Accordingly, after failing to find extraordinary and compelling reasons justifying home confinement, and determining that Lockett is a continued threat to the public, the Motion for Compassionate Release (Doc. 66) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 21, 2021

*(signature)*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Lockett is projected to be released on December 25, 2025. *See* https://www.bop.gov/inmateloc/ (last visited April 19, 2021).